Mike Ward Butler County Attorney 214 West Central El Dorado, Kansas 67042
Dear Mr. Ward:
You ask our opinion on whether the Butler County Clerk is authorized or required to conduct an election on a township charter resolution after the statutory time for holding such election has passed. You explain that the Township Board of Spring Township in Butler County passed Charter Resolution No. 98-01 to exempt the Township from the aggregate tax levy limitation. A successful protest petition was filed but the county clerk failed to place the resolution on the November general election ballot as requested by the Township Board.
K.S.A. 79-5036 allows a township board to exempt the township from the aggregate tax levy limit by following the procedure for county charter resolutions prescribed by K.S.A. 19-101b. K.S.A.19-101b(c) states in pertinent part:
 "If within 60 days of the final publication of a charter resolution, a petition . . . shall be filed in the office of the county election officer demanding that such resolution be submitted to a vote of the electors, it shall not take effect until submitted to a referendum and approved by the electors. An election if called, shall be called within 30 days and held within 90 days after the filing of the petition. The board, by resolution, shall call the election and fix the date. Such resolution shall be published once each week for three consecutive weeks in the official county newspaper. . . ."
You indicate that the final publication of Charter Resolution No. 98-01 was on June 19, 1998. On July 7, 1998 the Butler County Clerk informed the Spring Township Board that a sufficient protest petition had been filed on July 6, 1998, and asked the Board whether it wished to proceed with an election. On August 13, 1998, the Spring Township Clerk hand-delivered to the Butler County Clerk's office a written request that Charter Resolution No. 98-01 be placed on the November 1998 ballot. However, the question of whether Charter Resolution No. 98-01 should become effective did not appear on the November ballot.
In Attorney General Opinion No. 94-103, Attorney General Robert T. Stephan opined that a city is not required to hold an election on a city charter ordinance when a successful protest petition is filed demanding such an election. The procedure for city charter ordinances contains language almost identical to that of K.S.A.19-101b(c). The city provision states in part:
 "An election, if called, shall be called within 30 days and held within 90 days after the filing of the petition."[1]
(Emphasis added.)
Based on that language, the Attorney General concluded that although the election is optional, failure to hold an election makes the charter ordinance ineffective.
In the factual situation you present, the Spring Township Board desired to hold an election, but the election was not held due to a mistake, rather than due to the conscious desire of the Board. Nevertheless, the voters of Spring Township are in the same position as if the Board had decided not to proceed with the election.
Once the Board decided to call an election, it was required by K.S.A. 19-101b(c) to call the election and fix the date by a resolution to be published once each week for three consecutive weeks in the official county newspaper. The Spring Township Board did not pass and publish a resolution calling for the election on Charter Resolution No. 98-01. Instead, it provided a letter to the Butler County Clerk asking that the resolution be included on the November ballot. Further, the letter from the Spring Township Board requesting an election was not delivered to the County Clerk within 30 days after the protest petition was filed, and the November general election was not within 90 days after the protest petition was filed.
The Spring Township Board failed to comply with mandatory requirements of K.S.A. 19-101b in its attempt to place charter resolution no. 98-01 before the voters of Spring Township. Therefore, the Butler County Clerk is neither authorized nor required to conduct an election on Spring Township Charter Resolution No. 98-01. Because the time for holding an election on Charter Resolution No. 98-01 has passed, the Township Board must enact another charter resolution and follow the requirements of K.S.A. 19-101b if it desires to exempt from or change the aggregate tax levy limit for Spring Township.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Donna M. Voth Assistant Attorney General
CJS:JLM:DMV:jm
[1] Kan. Const., Art. 12, Sec. 5(c)(3).